EW

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
Plaintiff )
)
Dean — v. Ashley Knight )
Dean Ellen Herion Fingado )
Dean Joanne zielinski )
Dean Gary Novak )
Defendant )

**United States District Court**
**Northern District of Illinois**

1:18-cv-04544
Judge Harry D. Leinenweber
Magistrate Judge Jeffrey Cole

## COMPLAINT

My name is Camille Anderson and I have been at this University since September of 2009. I started out in the DePaul School of New Learning Program. I enrolled as a Bachelor student in the Bachelor of Arts degree program.

In June of 2012, I graduated from the program mentioned above and I applied for the Master of Arts program. I graduated from this program in June of 2015.

Since I have attended this University I have always spoken out against retaliation, diversity racial Censorship and discrimination against African American students.

In 2011, I started making complaints against professors and advisorse who did not do their Jobs.

**RECEIVED**

EC JUN 29 2018

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
Plaintiff )
)
v. Ashley Knight )
Dean )
Dean Ellen Herion Fingado )
Dean Joanne Zielinski )
Dean Defendant Gary Novak )

United States District Court
Northern District of Illinois

**COMPLAINT**

Since my complaints were not looked into about advisors, professors and staff not doing their jobs, then this is where my story starts.

I began writing the DePaul President's office in regards to my complaints and it was there that I began having trouble at this university.

In September of 2015, I was admitted into the Master Of Science in Cinema Production program.

I began being discrimnated at this university in 2016, when I reported that my advisor Professor Hodson did not change my classes so that I could be transferred directly into the Master of Fine Arts Screen writing Program.

I never heard back from Professor Hodson which prompt me to contact Dean Zielinski

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson
Plaintiff

United States District Court
Northern District of Illinois

Dean <sup>v.</sup> Ashley Knight
Dean Ellen Herion Finsado
Dean Joanne Zielinski
Defendant
Dean Gary Novak

**COMPLAINT**

During the Summer of 2016 and the Fall of 2016, I reached out to Dean Zielinski informing her of this situation. During the fall of 2016, we met and she found my discrimiration complaints about Professor Hodson amusing. I informed her that non-African American students were allowed to directly transfer into the master of Fine Arts (Screenwriting program, and they all were assisted by their assigned advisors. I was not.

Dean Zielinski informed me that I could not be transferred due to having to many credits from other classes. I expressed to Dean Zielinski that this matter was discrimatory toward me as African American stund-student and I should not be treated in this matter.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
   Plaintiff )
 )
Dean v. Ashley Knight )
Dean Ellen Herion Finsedo )
Dean Joanne Zielinski )
Dean Defendant Gary Novak )

United States District Court
Northern District of Illinois

**COMPLAINT**

I then contacted (Dean Miller) and I was referred/ back to Dean Zielinski's office again. Dean Zielinski set up another meeting and she reminded me again that I was not going to be allowed into the (MFA) Screenwriting Program by - Dean Novak.

I reminded Dean Zielinski again that Professor Hodson my then advisor did not do his Job and he never fix my classes. If Professor Hodson had done his Job then I never would have had a problem - transferring into the (MFA) Screenwriting Program.

I asked Dean Zielinski about an appeal and she said no that there would not be a chance for me to appeal. She reminded me again that there was nothing that she could do.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
　　　　　　　Plaintiff )
 )
Dean — v. Ashley Knight )
Dean Ellen Herion Fingado )
Dean Joanne Zielinski )
　　　　　　　Defendant )
Dean Gary Novak )

United States District Court
Northern District of Illinois

**COMPLAINT**

In August of 2017, I received an discriminatory directory for contacting the President's office and filing internal complaints against DePaul's Dean Zielinski, Dean Little, Dean Novak — Advisor John Glatz, Karen Leveque and a host of others over the years from 2011 until the present.

During this Time, Dean Zielinski, Dean Novak and Dean Fingado all became aware that I was going to apply to the Fall Master of Fine Arts in Screenwriting Program. In September of 2017, I contacted Dean Fingado and I told her that I was going to apply but I have a bad feeling about this. She reminded me that she would talk this over with Dean Zielinski. Dean Fingado never followed up on this issue mentioned above.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
                    )
        Plaintiff   )
                    )
Dean    v. Ashley Knight )
Dean Ellen Merion Finsado )
Dean Joanne Zielinski )
        Defendant   )
Dean Gary Novak     )

United States District Court
Northern District of Illinois

## COMPLAINT

My mother passed away in April of 2017. Due to my mother passing it placed a strain on my health and so this is why I turned in my application folder on the exact dead line date on March 1, 2018.

On March 16, 2018, The Advisor Gabriel Coombs sent me an email stating that I needed to do a Skype Interview.

Ms. Coombs email stated that the MFA (CM) were in the process of making their final decisions.

This email was sent to me at the end of the business day at 5pm. I could Not ask any questions and I only had the weekend to make up mind. Nevertheless, I still called and left her a number of voice mails and she never returned any of phone calls.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
      Plaintiff )
       )
Dean — v. Ashley Knight )
Dean Ellen Herion Finsado )
Dean Joanne Zielinski )
Pean  Gary  Novak  Defendant )

**United States District Court**
**Northern District of Illinois**

**COMPLAINT**

It was during this time that I also contacted Dean Finsado about this situation. She did not do anything to assist me with my suspicions. She continued to stress that I needed to go through the process and the decision was up to me.

She ignored my level of concern and she left it up to me to decide and she stated this more than once.

In addition, I also was informed by Dean Gary Novak that I was a black trouble maker and the MFA Com—Screen writing program would never accept me into their program. Mr. Novak told me to give it up and I should consider leaving the university.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )

Plaintiff )

)

v. Ashley Knight )

Dean Ellen Herion Finsado )

Dean Joanne Zielinski )

Dean Defendant Gary Novak )

Dean

**United States District Court**
**Northern District of Illinois**

**COMPLAINT**

Prior to Dean Novak's statements to me, I previously informed Dean Finsado, Dean Zielinskij and the Presidents office about Professor Steele actions and Professor Hodson actions toward me after I reported them both of mistreatment due to my prior complaints and due to my race because I am African American.

In November of 2017 and January of 2018 in both meetings that I had with Dean Finsado, I informed her again that it was a deep feeling that I had in where as, I felt that both Dean Finsado and Dean Zielinski would not help me enter the MFA Screenwriting program. I also told her that Dean Novak would block me from entering into the MFA because of his dislike for me being African American and prior complaints I reported about him to the Presidents office.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



Camille Anderson )
_____Plaintiff_____ )
 )
Dean    v. Ashley Knight )
Dean Ellen Herion Finzado )
Dean Joanne Zielinski )
Dean _____Defendant_____ )
Dean        Gary Novak )
        **COMPLAINT**

United States District Court
Northern District of Illinois

On or about during the month of May, 2018, —
I recieved a directive from Dean Finzado.
She threatened me with a student conduct
Process if I did not tell who was going to harm me
and Not clap for me at this year's graduation.
She also said that I could not contact any
University department if I did not tell her and only
her what (faculty member) was suppose to throw things at me
while I was walking across the stage.

I replied back to Dean Finzado's email and I informed
her that this was another discriminatory and - retaliatory
directive that is one of me for me making a number of
Hotline complaints against DePaul Dean of students and other
faculty and staff that works at DePaul.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
Plaintiff )
)
Dean v. Ashley Knight )
Dean Ellen Herion Finsado )
Dean Joanne Zielinski )
Defendant )
Dean Gary Novak )

**United States District Court**
**Northern District of Illinois**

**COMPLAINT**

The retaliation did not stop there because
I continue to received more directives some
secret and invisible and other directives was made
known to me.

On June 7, 2018) I picked up my graduation cap
and gown and it was the wrong size. I contacted
the proper people that were over this committee
and I received a rude, sarcastic no help and did
not care that it was their fault. I asked if I
could pick up my new gown on 6-8-18- and she
replied No. I informed Dean Finsado and all she did
was forwarded me a website but offer no assitance
with how special arrangement can be made. I did not
hear back from Dean Finsado until 6-11-18 long after
the ceromony was done.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
_____ )
Plaintiff )
)
v. Ashley Knisht )
Dean )
Dean Ellen Herion Finsado )
Dean Joanne Zielinski )
Dean Gary Novak- Defendant )

United States District Court
Northern District of Illinois

## COMPLAINT

The retaliation (Discrimination) continued on I received more and
directives and retaliation for reporting Dean
Finsado, Dean Zielinski, Dean Novak, Karen Leveque
and Emily Opalski.

On June 21, 2018, Dean Ashley Knisht informed
me that the university was not going to help me
or return phone calls, emails and anything since I
did not particpate in any meeting that I was
not propely supported and the restrictve conditions
would lessen than I declined to meet under
those conditions.

Since-) Dean Knisht has stopped my commincation with the
(6-21-18) university therapist and other people/ staff that I
could not reckived any help from. Dean Knisht made it
very clear that if I was raped on campus and any

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
      Plaintiff )
       )
Dean v. Ashley Knight )
Dean Ellen Herion Fingado )
Dean Joanne Zielinski )
Dean   Defendant )
Dean Gary Novak )

**United States District Court**
**Northern District of Illinois**

**COMPLAINT**

— Other thing happen to me that the university position was not to assist me because I would not participate in a meeting that fitted the university needs and not my needs. I explained to them in numerous emails my reasons for not attending a meeting like this and they still continued to keep the meeting set at only 1 hour with my reports/complaints are 10 plus complaints and that would not be enough time.

As a result, an additional directive and retaliatory action was taken against me again when on 6-22-18 I discovered my lockered/was emptied out even when I had already renewed my locker. I contacted the Dean of Student and the secretary told me that Dean Knight would not assist me no matter what.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
Plaintiff )
)
Dean v. Ashley Knisht )
Dean Ellen Herion Fingado )
Dean Joanne Zielinski )
Dean Defendant Gary Novak

United States District Court
Northern District of Illinois

**COMPLAINT**

With Everything that has happened over the course
of the past year and the last three months,
April, May and June, I am asking the court for
a Jury trial and a court appointed attorney to
represent against DePaul University. DePaul University
and each of their Deans listed in this complaint
have discrimnated against me and retaliate
against me for standing up against discriminatory
practices by allowing Caucasian students such as
Zachary Ross and William Schneider enter into
the MFA program without any limitations or threats
like I have be subject to.
    Due to the multiple discrimatory directives
which was placed on me by Dean Ashley Knisht and
Dean Fingado has caused sisnificant mental
Stress and has also disrupted my life

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
     Plaintiff )
  )
  )
Dean v. Ashley Knight )
Dean Ellen Herion Finzado )
Dean Joanne Zielinski )
    Defendant )
Dean      Gary Novak )

United States District Court
Northern District of Illinois

## COMPLAINT

Especially after the loss of mother that the university was aware of and nevertheless they continue on with more directive and retaliatory actions towards me— which includes defaming my good name to professors and staff denied access to the film production office, (ine space, various jobs associate with DePaul University and denied access to film events that are hosted by Dean Zielinski and Dean Novak. In addition to all that is mentioned above, I was denied entry into the MFA Screenwriting program and I was never offer an appeal process even when I asked Dean Finzado. To date, I have not had an appeal process for the MFA Screenwriting decision There has been a number of secret and invisible holds placed on me in where I register class and checked updates and no one explain any thing to me. Dean Finzado and Dean Ashley Knight both continue to place discriminatory directives on me even with my hot line complaints through the Complane and Risk team.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
     Plaintiff )
      )
      )
Dean   v. Ashley Knight )
Dean    Ellen Herion Finsado )
Dean    Joanne Zielinski )
Dean  Defendant  Gary Novak )

**United States District Court**
**Northern District of Illinois**

**COMPLAINT**

By refusing to allow me to enter into the MFA Screen writing program and has not offer me an appeal and wanted me to enter an unfair meeting DePaul has deprived me the same rights and privileges enjoyed by my white class mates.

Furthermore, I have suffered mental anguish, distress, homilation, and loss of enjoyment of being a student because of DePaul treatment toward me.

I am asking the court for compensatory damages and punitive damages listed above and in this entire document.

Due to DePaul's discrimination I am asking for punitive damages to accompany the reckless behavior that Dean Finsado in particular has acted out her indifference toward me.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
         Plaintiff )
  )
Dean    v. Ashley Knight )
Dean   Ellen Herion Fingado )
Dean   Joanne Zielinski )
Dean     Defendant Gary Novak )

United States District Court
Northern District of Illinois

## COMPLAINT

I would also like to add to this complaint that on May 9, 2018, I was accepted into the Master of Film and Televison program after being told that I was denied. However, Ann Hurley (Admission) sends me an acceptance email. She stated that this was official offer.

Although, I was allowed into this program, I never recieve an appeal offer and when I asked Dean Fingado she stated that she would get back in touch with me but she never did.

I also informed Dean Fingado, that I was only let into this program because of my third party Hotline complaints no one never said anything. I also informed Dean Fingado that I was qualified to be in the MFA Screenwriting program. They all avoided my questions and

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Concerns about the appeal process.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
     Plaintiff )

Dean v. Ashley Knight )
Dean Ellen Herion Fingado )
Dean JoAnne Zielinski )
Dean   Defendant Gary Novak )

**United States District Court**
**Northern District of Illinois**

## COMPLAINT

In addition to, not receiving access to apply for the LA Film program and not receiving any assitance from this University as made clearly by the Dean of Students— Ashley Knight, I want Justice for all of the humilation and discrimnation. As stated in my other complaint pages, I am asking the court for compensatory damages and punitive damages.

I want to ensure that no student in particular African American will never be discrimnated, retaliate bullied, mocked, and excluded for standing up for wrongs at this University again.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Camille Anderson )
Plaintiff )
)
Dean v. Ashley Knight )
Dean Ellen Herion Firsado )
Dean Joanne Zielinski )
Dean Defendant Gary Novak )

**United States District Court**
**Northern District of Illinois**

## COMPLAINT

My name is Camille Anderson. My address
is 8228 South Loomis Chicago, Illinois-
60620.

My mail address is 30 West Chicago
(Apt 1139) Chicago, Illinois 60654.

My email address is cam88qub@yahoo.com.

*Camille Anderson*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Starting Friday, June 29th at 10:00 AM, DePaul websites displaying this banner will undergo scheduled maintenance. During this time some website features may be inaccessible.

| ABOUT | STUDENT LIFE | SUPPORT SERVICES | DIVERSITY & CULTURE | EVENTS | TITLE IX | RESOURCES |

Division of Student Affairs > Title IX > Discrimination & Harassment

## Discrimination & Harassment

We encourage individuals who believe they have been subjected to discrimination, harassment or retaliation, to report what you happened. You can report here.

### Anti-Discrimination and Anti-Harassment Policy

It is the policy of DePaul University that no person shall be the object of discrimination or harassment on the basis of race, color, ethnicity, religion, sex, gender, gender identity, sexual orientation, national origin, age, marital status, pregnancy, parental status, family relationship status, physical or mental disability, military status, genetic information or other status protected by local, state, or federal law in its employment or its educational settings.

View a full description of DePaul's Anti-Discrimination and Anti-Harassment Policy here.

### What Is Discrimination?

#### Prohibited Discrimination

Examples of discrimination in violation of this policy include treating an employee, student or other member of the University Community differently in the terms and conditions of his or her employment or education or making decisions about a person's employment, compensation, or education based upon a person's race, color, ethnicity, religion, sex, gender, gender identity, sexual orientation, national origin, age, marital status, pregnancy, parental status, family relationship status, physical or mental disability, military status, genetic information or other protected status.

### What is Harassment?

#### Prohibited Harassment

Harassment based on a protected category, as outlined above, is a form of discrimination. Harassment is unwelcome conduct that is based on any of the above described protected categories. Such harassment is prohibited where: 1) enduring the offensive conduct becomes a term or condition of one's academic, working, or living environment, or 2) the conduct is severe or pervasive enough to create an academic, working, or living environment that a reasonable person would consider intimidating, hostile, or abusive.

Minor and isolated incidents (unless extremely serious) generally will not rise to the level of prohibited conduct. To be prohibited, the conduct must create an academic, working, or living environment that would be intimidating, hostile, or abusive to reasonable people.

Depending on the specific circumstances and impact on the academic environment, workplace or living environment, examples of harassment in violation of this policy include, but are not limited to, verbal abuse, offensive innuendo, derogatory comments, or the open display of offensive objects or pictures concerning a person's race, color, ethnicity, religion, sex, gender, gender identity, sexual

orientation, national origin, age, marital status, pregnancy, parental status, family relationship status, physical or mental disability, military status, genetic information or other protected status.

In addition to the examples of prohibited harassment above, sexual harassment warrants further explanation. Sexual harassment also includes, but is not limited to, any unwelcome sexual advances, direct or indirect, requests for sexual favors and other verbal or physical conduct of a sexual nature when submission to such conduct is made or is threatened to be made, either explicitly or implicitly, a term or condition of instruction, employment or participation in other university activity; or

- submission to such conduct is made or is threatened to be made, either explicitly or implicitly, a term or condition of instruction, employment or participation in other University activity; or
- submission to or rejection of such conduct by an individual is used or is threatened to be used as a basis for evaluation in making academic or employment decisions affecting that individual.

## Special Considerations - Consensual Relationships

Amorous relationships that might be appropriate in other circumstances present serious difficulties within the University Community. Relationships between individuals in inherently unequal positions (such as teacher and student, supervisor and employee) may undermine the real or perceived integrity of the supervision and evaluation process, as well as affect the trust inherent in the educational environment. Consensual romantic or sexual relationships in which one party is in a position to review the work or influence the career of the other may provide grounds for complaint when that relationship gives undue access or advantage to, restricts opportunities of, or creates a hostile and unacceptable environment for one of the parties to the relationship, or for others.

In such circumstances, consent may not be considered a defense against a charge of sexual harassment in violation of this Policy. The determination of what constitutes sexual harassment depends upon the specific facts and the context in which the conduct occurs.

## Prohibited Sexual and Relationship Violence

Sex discrimination and sex harassment can include instances of sexual or relationship violence. For more information on DePaul's policy prohibiting sexual and relationship violence, refer to the Sexual and Relationship Violence Prevention and Response Policy.

## Prohibited Retaliation

DePaul prohibits retaliation and the threat of retaliation against any person, including complainants, respondents and witnesses, exercising his or her rights and/or responsibilities in good faith under the Anti-Discrimination and Anti-Harassment policy or federal law, state law, or county law prohibiting discrimination, harassment or retaliation.

For the purposes of this policy, retaliation includes any conduct directed against an individual, or someone affiliated with the individual, on the basis of or in reaction to the exercise of rights accorded and/or defined by this policy, or federal, state, county, or local law that is likely to dissuade the individual from exercising his or her rights in the future.

Claims of retaliation will be investigated and, if substantiated, constitute a separate violation of this policy. Any acts of retaliation will be subject to appropriate disciplinary action, including but not

limited to reprimand, change in work assignment, loss of privileges, mandatory training, suspension, and/or termination. In conjunction with this policy, the University also enforces a Non-Retaliation Policy.

DePaul University takes good faith complaints of discrimination, harassment, and/or retaliation seriously. Individuals who knowingly make false allegations under this policy may be subject to disciplinary action, including but not limited to reprimand, suspension, and/or termination.